{¶ 53} I respectfully dissent with the majority's opinion as to the fourth assignment of error. The majority reverses the lower court's judgment in favor of Bergholtz Coal Holding Company for $25,567.65 against Dunning-Marks.
 {¶ 54} Since the trial judge is in the best position to view the witnesses and observe their demeanor when he or she weighs the credibility of the offered testimony, there is a presumption that the factual findings of the trial judge are correct. StarBank Natl. Assn. v. Cirrocumulus Ltd. Partnership 121, (1997),121 Ohio App.3d 731, 744. Therefore, an appellate court may not substitute its judgment for that of the trial court where there is some competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court.Myers v. Garson (1993), 66 Ohio St.3d 610, 615-616.
 {¶ 55} The lower court properly found that Bergholtz is the rightful owner of the property and is entitled to the money paid to Dunning for advance royalty payments. "If the trustee in breach of trust transfers trust property and no value is paid for the transfer, the transferee can be compelled to restore the property to the trust * * *" Restatement (Second) on Trusts, Sec. 292(1). Sec. 292 comment (e) further states "the gratuitous transferee of trust property * * * must pay to the trust any income which he has received from the property." The trial court accurately held that the advance royalty payments paid to Dunning-Marks was income generated by the property. Thus, Bergholtz is entitled to the income.
 {¶ 56} I would affirm the trial court's judgment as to the fourth assignment of error.